# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 2:15-MC-09003-BCW |
| | ) | |
| GEORGE PATE, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## **ORDER**

Before the Court is Magistrate Judge Whitworth's Report and Recommendation granting the United States' Petition to Enforce IRS Summonses. (Doc. #1). After an independent review of the record, the Court adopts in part Magistrate Judge Whitworth's findings of fact and conclusions of law, thus granting in part and denying as moot in part the relief sought by the United States.

In April and June 2015, the IRS served administrative summonses on Respondents George and Cookie Pate. In response to the April summonses, Respondents appeared before the IRS, but declined to answer any questions posed to them. In response to the June summonses, Respondents did not appear, but instead produced some, though not all documents requested in the June summonses.

On August 28, 2015, Magistrate Judge Whitworth issued an order for Respondents to show cause why they should not be compelled to obey the April and June 2015 summonses. The show cause order also scheduled a hearing for November 5, 2015. Respondents filed a response to the show cause order (Doc. #5).

1

The parties appeared at the November 5, 2015 show cause hearing before Magistrate Judge Whitworth, with counsel. Judge Whitworth heard evidence on the United States' petition to enforce the April and June 2015 summonses. Thereafter, Judge Whitworth issued the instant Report and Recommendation (Doc. #10).

Respondents filed objections to the Report and Recommendation, citing two specific objections. First, Respondents argue enforcement of the June 2015 summonses has been rendered moot because Respondents have filed their 2012, 2013, and 2014 tax returns since the enforcement petition was filed. Second, Respondents argue enforcement of the April 2015 summonses should be denied because compelling Respondents' testimony about their living expenses and assets would violate their constitutional rights against self-incrimination. (Doc. #10). Petitioner filed a response to Respondents' objections (Doc. #16).

## ANALYSIS

When a party files objections to the Report and Recommendation of a Magistrate Judge, the district court conducts a de novo review of the record and applicable law. United States v. Lothridge, 324 F.3d 599, 600 (8th Cir. 2003).

A prima facie case for enforcement of a summons requires the United States to make a "minimal showing" that: (1) the summons is for a legitimate purpose; (2) the material sought by summons is relevant to the investigation; (3) the material sought is not otherwise in the IRS's possession; and (4) the administrative steps of the Internal Revenue Code have been met. United States v. Powell, 379 U.S. 48, 57-58 (1964). If the United States presents a prima facie case, the burden shifts to the respondent to disprove the assertions made by the IRS in support of enforcement. United States v. Norwood, 420 F.3d 888, 893 (8th Cir. 2005).

The Court first considers Respondents' objection to enforcement of the June 2015 summons on the basis that compelling compliance at this stage is moot. Respondents attached an email exchange to their objections to the Report and Recommendation. (Doc. #11-2). The email exchange, dated February 9, 2016, indicates counsel's confirmation "that enforcement of the June Summonses is now moot," in light of the IRS's receipt of Respondents' 2012, 2013, and 2014 federal income tax returns. (Doc. #11-2). The United States' response to Respondents' objections makes reference only to the April 2015 summonses. For these reasons, this Court concludes that the United States concedes that the June 2015 summonses are now moot, because Respondents have complied with the June 2015 summonses since issuance of the Report and Recommendation (Doc. #10). The Court thus grants Respondents' objection to the Petition to Enforce as it relates to the June 2015 summonses only.

By contrast, with respect to Respondents' second objection, the Court agrees with the findings and conclusions of Magistrate Judge Whitworth and adopts the Report and Recommendation with respect to the April 2015 summonses. This Court's independent review of the record, the applicable law, and the parties' arguments indicate the United States has established a prima facie case for enforcement of the April 2015 summonses under Powell. To the extent Respondents object to enforcement of the April summonses based on the 5th Amendment right against self-incrimination, the objection is overruled and denied. Notably, this matter has not been formally referred to the Department of Justice up to this point. Additionally, the record does not indicate that the IRS acted for any improper purpose or otherwise outside the confines of the Internal Revenue Code. Finally, the record provides no basis on which to find that enforcement of the April 2015 summonses would constitute an abuse of process. Accordingly, it is hereby

3

ORDERED the United States' Petition to Enforce IRS Summonses (Doc. #1) is GRANTED IN PART and DENIED IN PART. The petition is GRANTED with respect to the April 2015 summonses, but DENIED AS MOOT with respect to the June 2015 summonses. It is further

ORDERED Magistrate Judge Whitworth's findings of fact and conclusions of law are ADOPTED with respect to the April 2015 summonses. To the extent the Report and Recommendation recommends enforcement of the June 2015 summonses, the United States concedes that the June 2015 summonses are denied as moot. It is further

ORDERED Magistrate Judge Whitworth's Report and Recommendation (Doc. #10) shall be attached to and made part of this Order, but is adopted only with respect to the April 2015 summonses. To the extent the Report and Recommendation relates to the June 2015 summonses, the petition for enforcement is DENIED AS MOOT, and that portion of the Report and Recommendation does not require adoption by the district court.

IT IS SO ORDERED.

DATED: <u>September 30, 2016</u>  /s/ Brian C. Wimes
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT